FILED
Oct 29  2 04 PM '03
U.S. DISTRICT COURT
NEW HAVEN, CONN.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STEVEN SZEKERES AND DENISE MILLER | CIVIL ACTION NO.: 3:01 CV2099 (MRK) **(Lead Case)** |
| Plaintiff | U.S.D.C./New Haven |
| VS. | |
| DENISE C. SCHAEFFER, JOYCE SZEKERES AND STEPHANIE ANN DRIDI | OCTOBER 28, 2003 |
| Defendants | |

## THIRD AMENDED STATEMENT OF MATERIAL FACTS

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 9(c) the following is a statement of the material facts as to which Denise C. Schaeffer contends there is no genuine issue to be tried.

1.      Defendant Denise C. Schaeffer (hereinafter "Schaeffer") is not a Connecticut Victim Advocate pursuant to General Statutes 46a - 13b through 13d. **(Schaeffer Affidavit,**

**Paragraphs 4 through 13, inclusive; Lopez Affidavit, Paragraphs 4 through 13, inclusive, Connecticut General Statutes, Section 46b-38c(f), Exhibit C)**

2. Schaeffer is not and never was an officer of the Executive Branch of the State of Connecticut. **(Schaeffer Affidavit, Paragraphs 3 through 14, inclusive; Lopez Affidavit, Paragraphs 4 through 13, inclusive)**

3. Schaeffer is not and never was an officer of the Judicial Branch of the State of Connecticut. **(Schaeffer Affidavit, Paragraphs 9, 10, 14; Lopez Affidavit, Paragraphs 4, 6, 7 and 9)**

4. Schaeffer is not empowered by any state statute and in particular Section 46a - 13d of the Connecticut General Statutes nor is she capable of compelling all state, local and private agencies to "cooperate" with her in the performance of her duties. **(Schaeffer Affidavit, Paragraphs 6, 7, 8, 11 and 13; Lopez Affidavit, Paragraphs 6, 7, 8, 11 and 13)**

5. Defendant Schaeffer is a Family Violence Victims Advocate ("FVVA") employed by the Hartford Interval House, Inc., a private not for profit corporation with an office and principal place of business in Hartford, Connecticut. **(Schaeffer Affidavit, Paragraphs 2 and 3; Lopez Affidavit, Paragraph 3)**

6. Defendant Joyce Szekeres is the mother of plaintiff, Steven Szekeres and defendant Stephanie Ann Dridi is the sister of plaintiff Steven Szekeres. **(Schaeffer Affidavit, Paragraphs 15)**

2

7.      Defendant Schaeffer never acted jointly nor in concert with Defendants Szekeres and Dridi, but merely received information regarding the Plaintiff, Steven Szekeres, that involved gun ownership by Steven Szekeres and the threatening use of that gun both to himself and to his sister and mother by Plaintiff, Steven Szekeres. Defendant Schaeffer never had any reason to doubt the accuracy of the information, nor had Defendant Schaeffer ever had any reason to doubt the truth and veracity of Joyce Szekeres and Stephanie Ann Dridi. **(Schaeffer Affidavit, Paragraphs 16 through 21, inclusive)**

8.      Defendant Schaeffer received information from defendants Szekeres and Dridi pursuant to her employment obligations and further pursuant to her employment obligations passed on this information to the Monroe, Connecticut police department. **(Schaeffer Affidavit, Paragraphs 15 through 21, inclusive)**

9.      Defendant Schaeffer passed this information on to the Monroe Police Department pursuant to her job responsibilities and pursuant to a contract her employer has with the Connecticut Coalition Against Domestic Violence, Inc. (hereinafter "CCADV"). **(Schaeffer Affidavit, Paragraphs 13, 18, 19; Lopez Affidavit, Paragraph 13, Exhibit A, Sub-Contract between CCADV and Hartford Interval House, Inc. (HIH) with Appendices and Corporate Resolution (my highlighting))**

10.     Although Defendant Schaeffer's employer, Hartford Interval House, Inc. ("HIH") is an indirect recipient of public monies as a result of its contract with CCADV,

3

neither the state nor the Federal Government control the duties or responsibilities of defendant Schaeffer. When defendant Schaeffer passed this information on to the Monroe Police Department regarding plaintiff Steven Szekeres she did not do so under the color of any state law but rather pursuant to the contract between her employer and CCADV. **(Schaeffer Affidavit, Paragraphs 13, 17 through 21, inclusive; Lopez Affidavit, Paragraphs 12 and 13, Exhibit A)**

11. The Monroe Police Department pursuant to Section 29-38c of the Connecticut General Statutes upon the receipt of this information, and before complaining on oath to a judge, must conduct an independent investigation of the complaint and determine that probable cause exists and that there is no reasonable alternative available to prevent such person from causing imminent personal injury to himself or to others with a firearm. **(Schaeffer Affidavit, Paragraphs 19 and 20)**

12. The Monroe Police Department, namely Detective Halapin and Lieutenant Flynn, applied for a warrant to search the plaintiffs' home based upon their own independent investigation and determination of probable cause and not as a proximate result of the statements and information from defendant Schaeffer. **(Schaeffer Affidavit, Paragraph 20; and Plaintiffs' Amended Complaint, Paragraph 12)**

13. Judge George N. Thim of the Connecticut Superior Court did issue a search warrant that was executed on November 18, 1999 to search the plaintiffs' residence. This

search was conducted pursuant to all the requisite constitutional protections and therefore was not an unreasonable search under the Fourth Amendment to the U.S. Constitution. **(Plaintiffs' Amended Complaint, Paragraph 12, and Connecticut General Statutes, Section 29-38c, Exhibit B)**

14. Since the search was conducted as a result of a warrant issued based upon probable cause and since the search was conducted within the limits of the warrant, it was not an unreasonable search under the United States Constitution and therefore not a deprivation of the plaintiffs' constitutional rights. **(Schaeffer Affidavit, Paragraphs 20 and 21; Plaintiffs' Amended Complaint, Paragraph 12; and Connecticut General Statutes, Section 29-38c, Exhibit B)**

DEFENDANT, DENISE C. SCHAEFFER

By _____
John F. McKenna, Esq.
Fed. Bar No. ct00104
Goodman, Rosenthal & McKenna, P.C.
68 South Main Street
West Hartford, CT 06107
(860) 231-2800

5

## CERTIFICATION

This is to certify that a copy of the foregoing, Third Amended Statement of Material Facts, was mailed via U.S. First Class Mail, postage prepaid, this 28th day of October, 2003, to all counsel of record, namely:

John R. Williams, Esq.
Williams and Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510

William J. Melley III, Esq.
250 Hudson Street
Hartford, CT 06106

Michael C. Conroy, Esq.
Gordon, Muir & Foley
10 Columbus Blvd
Hartford, CT 06106

Zbigniew S. Rozbicki, Esq.
Rozbicki & Associates
100 East Main Street
Torrington, CT 06790

Michael C. Deakin, Esq.
Law Offices of Peter D. Clark
525 Bridgeport Avenue
Shelton, CT 06484

_____
John F. McKenna, Esq.