UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
*************************
STEVEN SZEKERES and      *
DENISE MILLER            *
                         *
              Plaintiffs *
Vs.                      *
                         *
DENISE C. SCHAEFFER, ET AL *
                         *
           Defendants    *
*************************
```

**LEAD DOCKET NO.**
CIVIL NO. 3:01 CV2099(MRK)

```
*************************
STEVEN SZEKERES and      *
DENISE MILLER            *
                         *
              Plaintiffs *
Vs.                      *
                         *
PETER HOWARD, ET AL      *
                         *
           Defendants    *
*************************
```

**MEMBER CASE**
CIVIL NO. 3:01CV2108(MRK)

OCTOBER 30, 2003

**ADDENDUM TO SUPPLEMENTAL EXHIBITS TO DEFENDANTS' MOTIONS TO DISMISS**

As per the Court's instruction of October 27, 2003, the defendants Joyce Szekeres, Stephanie Ann Dridi, and Chaker Dridi, submit herewith a copy of the defendants' Counterclaim dated June 8, 2000, filed in the Superior Court, Housing

| | |
|---|---|
| NO. 1006022 | : SUPERIOR COURT |
| STEVEN SZEKERES, ET AL | : HOUSING SESSION |
| VS. | : AT BRIDGEPORT |
| JOYCE SZEKERES, ET AL | : JUNE 8, 2000 |

<u>COUNTERCLAIM</u>

<u>FIRST COUNT (Willful and Malicious Destruction)</u>:

1. For an extended period of time prior to February 1, 2000, the plaintiffs Steven Szekeres and Denise Miller leased premises known as 39 Hillside Lane, Monroe, Connecticut, owned by the defendant Joyce Szekeres, the plaintiff Steven Szekeres' mother.

2. The defendant Joyce Szekeres brought a summary process action against the plaintiff in 1999 in the Judicial District Housing Session at Bridgeport, Docket No. 41365. A judgment of possession was entered in said action on 11/22/99, with a stay of execution through February 1, 2000.

3. The plaintiffs vacated and abandoned the described premises approximately two weeks prior to February 1, 2000 but prior to such time, in retailiation for the defendant's eviction action, the plaintiffs vandalized the premises and intentionally caused damage thereto. The plaintiffs also removed and stole items of furniture and fixtures which belonged to the defendant Joyce Szekeres and which were appurtenant and part of the real estate.

<u>EXHIBIT D</u>

LAW OFFICES • ROZBICKI & ASSOCIATES
100 EAST MAIN STREET • P.O. BOX 419 • TORRINGTON, CT 06790-0419 • (860) 489-0469 • (860) 527-8468

4. On divers days prior to February 1, 2000, the plaintiffs maliciously and intentionally vandalized, damaged and destroyed the defendant's home and appurtenances thereto, including the following:

    a. Permeated wall to wall carpet with dog and cat urine and feces, thus causing total damage to same exceeding $4,000.

    b. Tore off wallpaper in foyer and two bedrooms.

    c. Tore out and removed wall in master bedroom closet, exposing the interior of the house to elements and heat loss.

    d. Tore out and removed folding stairway from garage landing to attic, thus creating an open hole and resulting in exposure to heat loss and the elements.

    e. Removed custom door from master bedroom and converted the same to their use.

    f. Removed door to closet in second bedroom and converted the same to their use.

    g. Removed and stole two light fixtures, electric door bell, manual antique door "knocker/bell", shower head, electrical outlet covers, air conditioner, and antique coat rack pegs.

    h. Punched holes in wall of second bedroom and attic wall.

LAW OFFICES • ROZBICKI & ASSOCIATES
100 EAST MAIN STREET • P.O. BOX 419 • TORRINGTON, CT 06790-0419 • (860) 489-0469 • (860) 527-8468

   i. Drew graffiti over walls in kitchen.

   j. Allowed pipes to freeze and water to run and caused a massive formation of ice therefron and caused the defendant to incur unnecessary water bills.

   k. Left windows open and turned heat on to "high", thus running up the defendant's heating and utility bills.

   l. Refused to return keys to house and opener to garage, thus causing defendant expenses for locksmiths in excess of $900.

   m. Split casing and door trim and frames on four doors and nailed shut the front and rear door from the inside, thus causing damage to doors and woodwork and requiring the services and cost of mechanics to gain entry upon the plaintiffs' abandonment of premises.

   n. Left the premises in a filthy condition strewn with garbage and discarded junk requiring cleanup.

   5. As a result of the plaintiffs' described intentional and malicious acts and omissions, the defendant's home was substantially damaged and defaced and required costly repairs. Its market value was substantially diminished and the defendant incurred a substantial loss in the sale of the same because it was

-3-