<u>**UNITED STATES DISTRICT COURT**</u>
<u>**DISTRICT OF CONNECTICUT**</u>

STEVEN SZEKERES and
DENISE MILLER
        Plaintiff     : LEAD DOCKET NO.:
                              3 01 CV02099 MRK

VS.

DENISE C. SCHAEFFER,
JOYCE SZEKERES and
STEPHANIE ANN DRIDI
Defendants           : November 3, 2003

STEVEN SZEKERES
DENISE MILLER
        Plaintiff     : MEMBER CASE NO.:
                              3:01CV2108(MRK)
VS.

PETER HOWARD, ET AL    : November 3, 2003

<u>**AMENDED LOCAL RULE 56 STATEMENT FOR LEAD CASE**</u>

Pursuant to Local Rule 56 of the District of Connecticut Local Rules and the court's directive at the hearing on the Motion for Summary Judgment, the following is a statement of the material facts to which the defendant Stephanie Dridi contends there is no genuine issue to be tried.

1. At all times mentioned in the action, the defendant Stephanie Ann Dridi was a private citizen (Amended Complaint dated January 17, 2002, Paragraph 5).

2. Denise Schaeffer is employed by the Hartford Interval House, Inc. as an advocacy program director (Affidavit of Denise Schaeffer dated April 24, 2003, Paragraph 2).

3. Hartford Interval House, Inc. is a private, not for profit, corporation that contracts with another private not for profit corporation whose responsibilities is to administer family violence response and intervention units (Schaeffer Affidavit, Paragraph 10).

4. Schaeffer is not a state employee. (Schaeffer Affidavit, Paragraph 11).

5. Schaeffer acts as an independent service provider to victims under Section 46b-38c(f).

6. The defendant Stephanie Dridi is the sister of the plaintiff, Steven Szekeres. (Schaeffer Affidavit, Paragraph 15).

7. Pursuant to the contract between her employer and the Connecticut Coalition Against Domestic Violence, Inc. Schaeffer passed along information

regarding gun ownership by Steven Szekeres and threatening activities to the Monroe Police Department. (Schaeffer Affidavit, Paragraph 19).

8.  Based upon the information received, a detective and lieutenant of the Monroe Police Department applied for a search warrant and a George N. Thim, Judge of the Connecticut Superior Court, issued the warrant. (Amended Complaint dated January 17, 2002, Paragraph 12).

9.  The plaintiffs have an action pending against Stephanie Dridi in the Bridgeport Housing Court. (Bridgeport Housing Court records).

10. A true and accurate copy of the plaintiffs' pending complaint in the Bridgeport Housing Court is attached as Exhibit A.

11. A true and accurate copy of the defendant Joyce Szekeres' Counterclaim in the Bridgeport Housing Court is attached as Exhibit B.

DEFENDANT STEPHANIE ANN DRIDI,

By_____
William J. Melley III
250 Hudson Street
Hartford, CT 06106
Phone: (860) 247-9933
Fax: (860) 247-9944
Federal Bar No.: 06355

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed this date to:

John R. Williams, Esquire
Williams and Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510

Zbigniew S. Rozbicki, Esquire
100 East Main Street
P. O. Box 419
Torrington, CT 06790

Michael C. Conroy, Esquire
Gordon, Muir & Foley, LLP
Ten Columbus Boulevard
Hartford, CT 06106-1976

John F. McKenna, Esquire
Goodman, Rosenthal & McKenna, PC
68 South Main Street
West Hartford, CT 06107

Michael C. Deakin, Esquire
Law offices of Peter D. Clark
525 Bridgeport Avenue
Shelton, CT 06484

William J. Melley III

EXHIBIT "A"

| | |
|---|---|
| RETURN DATE : MAY 2, 2000 | : SUPERIOR COURT |
| STEVEN SZEKERES & DENISE MILLER | : HOUSING SESSION |
| VS. | : AT BRIDGEPORT |
| JOYCE SZEKERES, ET AL | : APRIL 12, 2000 |

## COMPLAINT

### COUNT I:

1. On or about February 1, 2000, and prior thereto, the plaintiffs Steven Szekeres and Denise Miller were in lawful and actual possession and lived at the premises known 39 Hillside Lane, Monroe, Connecticut. Said property was owned by the defendant, Joyce Szekeres.

2. On said date, the plaintiffs arrived home to find the defendants Stephanie & Chaker Dridi had, with force and strong hand illegally entered the plaintiffs' home and changed the locks. The defendants would not let the plaintiffs enter, thereby depriving them of their residence and belongings. The defendants were accompanied by a police officer.

3. The defendant Stephanie Dridi is the natural daughter of the defendant owner, Joyce Szekeres. At all times herein mentioned, the defendants Stephanie and Chaker Dridi were acting as the agents/servants and/or at the direction of the defendant Joyce Szekeres with her full authority and consent.

complaint

4. From the date of the entry set forth above to the present time, the defendants have unjustly and with strong hand, held and detained the same with force, and kept and still keeps the plaintiffs out of the possession thereof.

5. That the defendants have taken control and possession of the plaintiffs' personal property located within the above premises and have converted same to their own use, or have destroyed same all of which have caused the plaintiffs significant damages.

6. That the plaintiffs have been forced to obtain legal representation to redress the defendants illegal entry and conversion of their personal effects, all at a significant cost to them for which they claim damages.

7. As a result of said illegal entry, the plaintiff, Steven Szekeres was arrested and has had, and will have to, incur significant legal expenses and inconveniences in connection with his defense. Moreover, the plaintiff has been embarrassed and humiliated by said incident.

8. This action is brought pursuant to Connecticut General Statute 47a-43 to which the plaintiffs seek damages.

**COUNT II:**

1-9   Paragraphs 1-9 of the First Count are hereby incorporated by reference and made Paragraphs 1-9, of this, the Second Count.

complaint

10. The actions of the defendants constitute a violation of the Connecticut Unfair Trade Practices Act (Connecticut General Statutes Section 42-110a) for which the plaintiffs claim damages.

**WHEREFORE**, the plaintiffs claim:

1. Damages in accordance with 47a-45a of the Connecticut General Statutes.

2. Damages in accordance with Connecticut General Statutes Section 42-110a.

3. Any and all other relief as the Court deems appropriate.

THE PLAINTIFFS

By_____
Thomas G. Ganim
Ganim, Ganim & Ganim, P.C.
4666 Main Street
Bridgeport, CT 06606
Tel. No.: (203) 372-7772
Juris No.: 021668

A TRUE COPY
ATTEST
WALTER KUPCHUNOS, JR.
SHERIFF
COUNTY OF HARTFORD

EXHIBIT "B"

| | |
|---|---|
| NO. 1006022 | : SUPERIOR COURT |
| STEVEN SZEKERES, ET AL | : HOUSING SESSION |
| VS. | : AT BRIDGEPORT |
| JOYCE SZEKERES, ET AL | : JUNE 8, 2000 |

## COUNTERCLAIM

### FIRST COUNT (Willful and Malicious Destruction):

1. For an extended period of time prior to February 1, 2000, the plaintiffs Steven Szekeres and Denise Miller leased premises known as 39 Hillside Lane, Monroe, Connecticut, owned by the defendant Joyce Szekeres, the plaintiff Steven Szekeres' mother.

2. The defendant Joyce Szekeres brought a summary process action against the plaintiff in 1999 in the Judicial District Housing Session at Bridgeport, Docket No. 41365. A judgment of possession was entered in said action on 11/22/99, with a stay of execution through February 1, 2000.

3. The plaintiffs vacated and abandoned the described premises approximately two weeks prior to February 1, 2000 but prior to such time, in retailiation for the defendant's eviction action, the plaintiffs vandalized the premises and intentionally caused damage thereto. The plaintiffs also removed and stole items of furniture and fixtures which belonged to the defendant Joyce Szekeres and which were appurtenant and part of the real estate.

4.  On divers days prior to February 1, 2000, the plaintiffs maliciously and intentionally vandalized, damaged and destroyed the defendant's home and appurtenances thereto, including the following:

a.  Permeated wall to wall carpet with dog and cat urine and feces, thus causing total damage to same exceeding $4,000.

b.  Tore off wallpaper in foyer and two bedrooms.

c.  Tore out and removed wall in master bedroom closet, exposing the interior of the house to elements and heat loss.

d.  Tore out and removed folding stairway from garage landing to attic, thus creating an open hole and resulting in exposure to heat loss and the elements.

e.  Removed custom door from master bedroom and converted the same to their use.

f.  Removed door to closet in second bedroom and converted the same to their use.

g.  Removed and stole two light fixtures, electric door bell, manual antique door "knocker/bell", shower head, electrical outlet covers, air conditioner, and antique coat rack pegs.

h.  Punched holes in wall of second bedroom and attic wall.

-2-

LAW OFFICES • ROZBICKI & ASSOCIATES
100 EAST MAIN STREET • P.O. BOX 419 • TORRINGTON, CT 06790-0419 • (860) 489-0469 • (860) 527-8468

defaced and needed substantial repairs. As a result, the defendant incurred economic damages in excess of $100,000.

SECOND COUNT:

1. - 5.   Paragraphs 1 - 5 of the First Count are incorporated herein as paragraphs 1 - 5 of this Second Count.

6.   The plaintiff ripped off, removed and stole the appurtenances described in the foregoing Count and stole various furniture and personal items belonging to the defendant including, but not limited to, a dining room table, bedroom furniture, washing machine, 27" television set, and air conditioner.

7.   The items stolen by the plaintiffs had substantial vlue in excess of $15,000.

8.   The defendant is seeking treble damages for theft prusuant to the remedies provided by Section 52-564 of the Connecticut General Statutes.

WHERFORE, the defendant claims compensatory and exemplary damages under Count 1 including cost of suit as provided by Section 52-564, and under Count 2 claims compensatory and exemplary damages and treble damages as provided by Section 52-564 C.G.S. including cost of suit.

-4-

THE DEFENDANT CLAIMS DAMAGES GREATER THAN FIFTEEN THOUSAND DOLLARS ($15,000.00).

DEFENDANT

By _____
Zbigniew S. Rozbicki
Her Attorney

## CERTIFICATION

THIS IS TO CERTIFY THAT on the 13th day of June 2000, a copy of the foregoing Counterclaim was sent by first class mail to: Thomas G. Ganim, Esq., Ganim, Ganim & Ganim PC, 4666 Main Street, Bridgeport, CT 06606.

_____
Zbigniew S. Rozbicki
Commissioner of the Superior Court

-5-