FILED

Nov 10  12 09 PM '03

U.S. DISTRICT COURT
NEW HAVEN, CONN.

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEVEN SZEKERES, ET AL. | : | **Lead Docket Number** |
| | : | 3:01CV2099 (MRK) |
| VS. | : | |
| | : | |
| DENISE C. SCHAEFFER, ET AL. | : | |
| | | |
| STEVEN SZEKERES, ET AL. | : | Member Case |
| | : | 3:01CV2108(MRK) |
| VS. | : | |
| | : | |
| PETER HOWARD, ET AL. | : | NOVEMBER 8, 2003 |

### PLAINTIFFS' SUPPLEMENTARY LOCAL RULE 56(a)2 STATEMENT

The plaintiffs submit this Supplementary Local Rule 56(a)2 Statement in response to the "Amended Local Rule 56 Statement for Lead CAse" submitted by defendant Dridi under date of November 3, 2003:

**A.   *RESPONSE TO DEFENDANT'S FACTUAL CLAIMS:***

1. Disagree. (Affidavit of Detective Halapin and Lt. Flick dated 11/18/99, p. 2; Transcript of court proceedings on 11/30/99, p. 7)

2. Agree. Defendant Schaeffer holds herself out as an officer of the Judicial Branch. (Ibid.)

3. Disagree. (Ibid.)

4. Disagree. (Ibid.)

5. Disagree. (Ibid.)

6. Agree.

7. Disagree. (Affidavit of Halapin and Flick, p. 2; November 30, 1999, court transcript, pp. 2-12)

8. Disagree. (Ibid.)

9. Agree.

10. Agree.

11. Agree.

### B.  PLAINTIFFS' SUPPLEMENTARY STATEMENT OF MATERIAL FACTS:

1. On November 18, 1999, defendant Schaeffer telephoned the Monroe Police Department and represented that she was "a Victims Advocate for the West Hartford Court." She stated that the plaintiff Steven Szekeres was then being prosecuted in that court and that a condition of his release "was that he does not possess any weapon...." She further represented "that Szekeres was Paranoid Schizophrenic and that his mother and sister both state that he owns a .357 magnum handgun and threatened them with it in the past." ((Halapin and Flick affidavit, p. 2)

2. Defendant Schaeffer told the police "action should be taken to locate this weapon" which she claimed the plaintiff "did not turn over to the police." (Id. p. 3)

3. Defendant Schaeffer further furnished the police with official court documents. (Ibid.)

4. The police sought a warrant to search the plaintiffs' home solely on the basis of "the facts reported by Victim's Advocate Denise C. Schaeffer...." (Ibid.)

5. Defendant Schaeffer's claim that the plaintiff Steven Szekeres was "paranoid schizophrenic" was not based on anything reported to her by the other defendants in this case. (Defendant Schaeffer's affidavit makes no mention of their having made any such claim.)

6. Defendant Schaeffer's claim that the plaintiff Steven Szekeres was "paranoid schizophrenic" was false. (Report of Dr. Berkowitz)

7. Defendant Schaeffer knew that the plaintiff did not possess the firearm she claimed he did. (November 30, 1999, court transcript, pp. 2-12)

8. Defendant Schaeffer habitually held herself out as a court official, to wit: Victim Advocate. (Halapin and Flick affidavit, p. 2; November 30, 1999, court transcript, p. 7)

THE PLAINTIFFS

BY: _____
JOHN R. WILLIAMS (ct00215)
Williams and Pattis, LLC
51 Elm Street
New Haven, CT 06510
TELEPHONE: 203.562.9931
FAX: 203.776.9494
E-MAIL: jrw@johnrwilliams.com
Attorney for Plaintiffs

## CERTIFICATION OF SERVICE

On the date above stated, copies hereof were mailed to William J. Melley, III, Esq., 250 Hudson Street, Hartford, CT 06106; John F. McKenna, Esq., 68 South Main Street, West Hartford, CT 06107; Michael C. Conroy, Esq., Gordon, Muir and Foley, LLP, Ten Columbus Boulevard, Hartford, CT 06106-1976; Zbigniew S. Rozbicki, Esq., P. O. Box 419, Torrington, CT 06790; and Michael C. Deakin, Esq., Law Offices of Peter D. Clark, 525 Bridgeport Avenue, Shelton, CT 06484.

_____
JOHN R. WILLIAMS