UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STEVEN SZEKERES AND<br>DENISE MILLER<br><br>　　　　　Plaintiff<br><br>VS.<br><br>DENISE C. SCHAEFFER,<br>JOYCE SZEKERES AND<br>STEPHANIE ANN DRIDI<br><br>　　　　　Defendants | CIVIL ACTION NO.:<br>3:01 CV 02099 ~~(DJS)~~<br>~~JBA~~<br><br><br><br>FEBRUARY 13, 2002 |

### STATEMENT OF MATERIAL FACTS

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 9(c) the following is a statement of the material facts as to which Denise C. Schaeffer contends there is no genuine issue to be tried.

　　1.　　Defendant Denise C. Schaeffer (hereinafter "Schaeffer") is not a Connecticut Victim Advocate pursuant to General Statutes 46a - 13b through 13d.

2. Schaeffer is not and never was an officer of the Executive Branch of the State of Connecticut.

3. Schaeffer is not and never was an officer of the Judicial Branch of the State of Connecticut.

4. Schaeffer is not empowered by any state statute and in particular Section 46a - 13d of the Connecticut General Statutes nor is she capable of compelling all state, local and private agencies to "cooperate" with her in the performance of her duties.

5. Defendant Schaeffer is an advocacy program director employed by the Hartford Interval House, Inc., a private not for profit corporation with an office and principal place of business in Hartford, Connecticut.

6. Defendant Joyce Szekeres is the mother of plaintiff, Steven Szekeres and defendant Stephanie Ann Dridi is the sister of plaintiff Steven Szekeres.

7. Defendant Schaeffer never acted jointly nor in concert with Defendants Szekeres and Dridi.

8. Defendant Schaeffer received information from defendants Szekeres and Dridi pursuant to her employment obligations and further pursuant to her employment obligations passed on this information to the Monroe, Connecticut police department.

9. Defendant Schaeffer passed this information on to the Monroe Police Department pursuant to her job responsibilities and pursuant to a contract her employer has with the Connecticut Coalition Against Domestic Violence, Inc. (hereinafter "CCADV").

10. Although Defendant Schaeffer's employer, Hartford Interval House, Inc. ("HIH") is an indirect recipient of public monies as a result of its contract with CCADV, neither the state nor the Federal Government control the duties or responsibilities of defendant Schaeffer. When defendant Schaeffer passed this information on to the Monroe Police Department regarding plaintiff Steven Szekeres she did not do so under the color of any state law but rather pursuant to the contract between her employer and CCADV.

11. The Monroe Police Department pursuant to Section 29-38c of the Connecticut General Statutes upon the receipt of this information, and before complaining on oath to a judge, must conduct an independent investigation of the complaint and determine that probable cause exists and that there is no reasonable alternative available to prevent such person from causing imminent personal injury to himself or to others with a firearm.

12. The Monroe Police Department, namely Detective Halapin and Lieutenant Flynn, applied for a warrant to search the plaintiffs' home based upon their own independent investigation and determination of probable cause and not as a proximate result of the statements and information from defendant Schaeffer.

13. Judge George N. Thim of the Connecticut Superior Court did issue a search warrant that was executed on November 18, 1999 to search the plaintiffs' residence. This search was conducted pursuant to all the requisite constitutional protections and therefore was not an unreasonable search under the Fourth Amendment to the U.S. Constitution.

14. Since the search was conducted as a result of a warrant issued based upon probable cause and since the search was conducted within the limits of the warrant, it was not an unreasonable search under the United States Constitution and therefore not a deprivation of the plaintiffs' constitutional rights..

DEFENDANT, DENISE C. SCHAEFFER

By _____
John F. McKenna, Esq.
Goodman, Rosenthal & McKenna, P.C.
68 South Main Street
West Hartford, CT  06107
(860) 231-2800
Fed. Bar No. ct00104

## CERTIFICATION

This is to certify that a copy of the foregoing, Statement of Material Facts, was mailed via U.S. First Class Mail, postage prepaid, this 13th day of February, 2002, to all counsel of record, namely:

John R. Williams, Esq.
Williams and Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510

Zbigniew S. Rozbicki, Esq.
Rozbicki & Associates
100 East Main Street
Torrington, CT 06790

William J. Melley III, Esq.
Kenny, Brimmer, Melley & Mahoney
5 Grand Street, Hartford, CT 06106

_____
John F. McKenna, Esq.